## J. G. WING *v.* M. E. SMILIE.

*Intoxicating liquor.　To whom　one-fourth fine belongs.*

By No. 41, Acts of 1886, one-fourth of the fine imposed under R. L. 3802, for the unlawful furnishing of intoxicating liquor, belongs to the grand juror who makes the complaint and attends the prosecution before a justice of the peace, and not to the State's attorney who prosecutes the same case in County Court where it has come by appeal.

Petition for *mandamus* returnable to the May term of the Supreme Court, Washington county, 1891. Heard upon petition, answer and agreed statement of facts.

The agreed statement was as follows:

"A person was arrested while in a state of intoxication, under the provisions of s. 3813, R. L., by a policeman of the village of Montpelier, and at the proper time brought before said M. E. Smilie, justice, according to the provisions of said section, and the policeman according to the provisions of law, notified said J. G. Wing, grand juror, to attend before said justice, and the intoxicated person disclosed that he obtained the liquor, etc., of the respondent, whereupon said grand juror made and exhibited to said justice the complaint against the respondent mentioned in the petition, and the proceedings set forth in the petition were thereupon had as set forth in the petition."

The remaining facts appear in the opinion.

*John H. Senter* and *W. A. Lord,* for the petitioner.

*E. W. Bisbee,* for the petitionee.

These were proceedings upon disclosure and in such there is no complaint. The state's attorney is the prosecuting officer.

R. L. s. 3855; No. 41, Acts 1886; *Cain* v. *Valiquette,* 56 Vt. 78, 81.

Wing *v.* Smilie.

The opinion of the court was delivered by

TAFT, J. It is enacted by No. 41, Acts of 1886, that one-fourth of the fines imposed under s. 3802, R. L. " shall go to the complainant when complaint is made, otherwise to the prosecuting officer."` This proceeding is a petition for a mandamus to determine whether the grand juror who instituted the complaints mentioned in the petition, before a justice of the peace and who prosecuted them before the justice, or, the state's attorney who prosecuted the causes in the County Court, where they passed by appeal and were finally determined, is entitled to the fourth part of the fines imposed under such complaint. It was the evident intent of the Legislature to encourage prosecutions under chap. 169, R. L. by rewarding the person who sets the machinery of the law in motion, and so in the first instance gives the fourth-part of the fine to the complainant *i. e.* the one who makes application to the officers of the law to prosecute, and upon whose accusation prosecution is begun. Failing a complainant, we think the reward goes to the officer who institutes the proceedings. It is upon his complaint that the respondent is arraigned, tried and convicted, if conviction is had, although the state's attorney is required to prosecute the cause in the County Court. The latter part of act No. 41 provides that, in case of a second conviction of the offences named in s. 3802, " the officer prosecuting said cause to final judgment" shall receive fifty dollars. This is significant, for why add the limitation " prosecuting said cause to final judgment," if without it, the same officer would be entitled to it. It clearly evinces an intent, that failing a complainant, to give the fourth part of the fines to the officer upon whose complaint the respondent is arraigned and tried.

*It is adjudged that a writ of mandamus issue in accordance with the prayer of the petition. The payment of the sum named therein to be made within five days from the issuing of the writ. No costs claimed.*